INHABITANTS OF WAYNE AND FAYETTE, *Petitioners for certiorari, versus* COMMISSIONERS OF COUNTY OF KENNEBEC.

In laying out a highway, the Commissioners are not required to follow minutely the line indicated in the petition, but a substantial compliance with it, under the exercise of a sound discretion, is all that is demanded.

Where neither public nor private injury appears to have been sustained, by a slight deviation in the road as located, from that prayed for, the Court, in the exercise of its discretionary power, will not interpose to vacate the proceedings.

ON REPORT from *Nisi Prius*, RICE, J., presiding.
PETITION for *Certiorari*.

The facts in the case are disclosed in the opinion. The case was reported for the decision of the full Court.

*H. W. Paine*, for petitioners.

*Vose* and *Bean, contra.*

RICE, J. — In the original proceedings there was an appeal taken from the decision of the County Commissioners, establishing the way referred to, under the provisions of c. 28, statute of 1847; to the District Court. A committee was appointed by said Court, which committee after due proceedings had, made a report affirming the doings of the Commissioners, establishing said way. This report was accepted by the District Court, and the judgment thereon certified to the County Commissioners. The duty of that board then became imperative. They must proceed to lay out the way according to the judgment of the appellate court.

There is no suggestion that the way thus established was not of common convenience and necessity. Upon the merits the parties were fully heard before two distinct tribunals, the County Commissioners, and the committee appointed by the District Court. The complaint now is, that in locating the way, the line indicated in the original petition was not followed, and therefore no jurisdiction was obtained by the Commissioners. The petitioners asked for a way to be located, " beginning in the village of North Wayne and passing up near the westerly margin of the pond lying north of said village, to near its upper end; thence near the westerly margin of the stream emptying into said pond, to the county road near Fayette mills."

Between the termini of the route thus indicated, are, as appears from the diagram presented at the argument, two ponds; one being very small, and lying north of, and near to, North Wayne village; the other lying further north and being of much larger dimensions. The larger body of water, or pond, was obviously " the pond" referred to in the petition.

The way, as located, commenced in North Wayne village and passed up on the easterly side of the small pond, and

crossing the stream between the two, continued northerly, passing up near the westerly margin of the larger pond. There is no precise point of departure in North Wayne village indicated in the petition, by reference to the stream or otherwise, which should require a location different from the one actually made. But it is contended, that the location of the way where it enters the county road, near Fayette mills, should be near the westerly margin of the stream on the west side, whereas it was actually located on the east side of that point. If the Commissioners were required to follow the description in the petition in the location of ways, with the same precision that would be requisite in conveyancing, perhaps such might be the result. But we do not understand, that they are thus confined to the precise points indicated by the petitioners. To hold them to the observance of such rigid and exact rules in the location of ways, would be to deprive them of all right to exercise their judgment, so as to avoid local difficulties or make improvements by partial deviations from the line indicated in the petition, and to compel them when obstacles should present themselves, either to subject the public to the inconvenience occasioned thereby, or the expense of their removal, or to abandon the route altogether. A construction which should thus limit and restrict their powers, would be unreasonable, and could not have been contemplated by the Legislature. In such case, the Commissioners are authorized to exercise a sound discretion. A substantial observance of the route indicated in the petition is all that is required. *Windham* v. *Cumberland County Commissioners*, 26 Maine, 406.

We do not think there was such a departure in this case, from the route prayed for, as will authorize this Court, in the exercise of a discretionary power, to interfere for the purpose of ousting proceedings in which neither public nor private injury appears to have been sustained.

*Petition dismissed.*

SHEPLEY, C. J., and TENNEY, APPLETON and CUTTING, J. J., concurred.